Chief Justice Robertson
delivered the Opinion of (he Court,
Thomas Peebles, having (2nd April, 1816,) conveyed a tract of land to Daniel Bradford, in trust, to indemnify John Brown, as his surety to Robert Rodes and James Estill, for money loaned by them, afterwards (July, 1816,) sold and conveyed the land to John Peebles, by deed of general warranty, the latter undertaking to pay (as a part of the consideration) the debts to Rhodes and Estill. Afterwards J. Peebles conveyed the land to Peter Mason, by deed of general warranty.
If complainant have an interest in the subject matter of his bill through other persons, necessary parties; error to dismiss bill absolutely-Heir liable uoon warranty of ancestor, has a right, by bill quia ti-met, to ask the interposition of chancellor, to prevent sale of land, by which his responsibility would be con • summal.ed.
TJtomas'Peebles having died, his heirs (in 1819.) filed a bill in chancery, alleging the foregoing facts, and avering that Bradford had advertised a sale of the land, under the deed of trust; that the loans by Rodes and Estill were usurious; that John Peebles had paid as much of those debts as were legally due, and more; and therefore, praying for an injunction to prevent the sale by Bradford, and for other and general relief. Rodes’ executors never answered, and exceptions to an answer filed by Estill were sustained bv the circuit court, and an attachment was awarded to coerce a more direct and satisfactory response to the allegations of the bill, as to the usury and payments. But, at a subsequent term, before either Estill or the executors of Rodes, had filed an answer, the circuit court dismissed the bill absolutely. To reverse that decree, this writ of error is prosecuted.
It is evident that the personal representative of Thomas Peebles, was a necessary party. But, as the subject matter of the bill was proper for the cognisance of the chancellor, he erred in dismissing the bill absolutely, if the heirs have such an interest as to entitle them to be parties at all. We think they have such an interest. They may be liable on the warranty of their ancestor to John Peebles; for the covenant of the latter to pay the debts to Rodes and Estill, could not be pleaded in bar to his right of action on the covenant of warranty which would be broken by a sale of the land, and his consequent eviction under the deed of trust. He might (m the event of such eviction) sue the heirs on the covenant by which they are expressly bound, and would, himself, be liable only to the administrator, for having failed to pay the money to Rodes and Estill. But, however this may be, the heirs might be liable to the remote vendee, Mason, in consequence of the privity of estate; and that liability could not be affected by the independent personal covenant of John Peebles. They have a right, therefore, quia timet, to ask the interposition of the chancellor for preventing a sale of the land, which would subject them -to liability. They would surely have such a right if the land had never been sold, bat had descended *410 to them; and it seems to us that their liability on their ancestor’s warranty, gives them an equal right to ask relief. Therefore, the circuit court erred in dismissing the bill absolutely.
Moreheacl and Brown, for plaintiffs; Tumor, for defendants.
Wherefore, the decree is reversed, and the cause remanded with leave to make the proper parties.